FILED

**NOT FOR PUBLICATION**

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARKIS AGOP DERSARKISSIAN, | No. 06-72417 |
| Petitioner, | Agency Nos. A072-867-239 |
| v. | A077-323-827 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
Pasadena, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District
Judge.[**]

Sarkis Agop Dersarkissian, a native and citizen of Lebanon, petitions for

review of a Board of Immigration Appeals' ("BIA") decision adopting and

affirming the Immigration Judge's ("IJ") decision denying his applications for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John A. Jarvey, United States District Judge for the
Southern District of Iowa, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The government raises a threshold contention that we lack jurisdiction to review the IJ's denial of asylum because the application was untimely. 8 U.S.C. § 1158(a)(3). Dersarkissian filed his asylum application more than six years after he entered the United States. Even assuming we have jurisdiction to review the IJ's denial of the asylum application, however, relief on that claim is barred by the IJ's findings of permanent resettlement in Mali. 8 U.S.C. § 1158(b)(2)(A)(vi). Petitioner lived in Mali for nine years and had a visa to travel from the Mali government. He also presented his passport to the Mali officials when he traveled outside of Mali. *See Cheo v. INS*, 162 F.3d 1227, 1229 (9th Cir. 1998) (finding three years of peaceful residence in Malaysia sufficient to establish a rebuttable presumption that Malaysia allowed petitioners to stay indefinitely). Petitioner's case is distinguishable from *Ali v. Ashcroft*, 394 F.3d 780, 790 (9th Cir. 2005), where we found no presumption that Ali was permanently resettled in Ethiopia because Ali's credible testimony indicated she was living there illegally. The IJ here, in contrast, reasonably found Petitioner not credible when he claimed no longer to have permission to live in Mali after 1998, given the fact that his Mali visa allowed him to stay until December 2000. Given that Petitioner presented no

2

other evidence to rebut the presumption of firm resettlement, the IJ's finding that Petitioner firmly resettled in Mali is supported by substantial evidence.

The denial of withholding of removal and protection under CAT based on an adverse credibility finding is supported by the record. The IJ identified several reasons to find petitioner not credible. Petitioner claimed to be a fighter in the Kataeb party from 1975 until 1999, yet Petitioner resided in Mali from 1988 until 1997 and lived in the United States in 1998. The facts that he returned to Lebanon two or three times after arriving in Mali and his wife and children stayed back in Lebanon indicate that he did not fear persecution. The IJ's conclusion that the doctor's letter, written while removal proceedings were pending, was unreliable is reasonable given the fact that it was prepared five years after the alleged events and the lack of underlying contemporaneous documents.

The petition for review is **DENIED.**